HUSSIN LAW FIRM
TAMMY GRUDER HUSSIN, ESQ.
1596 N. Coast Highway 101
Encinitas, CA 92024
Tel. 877.677.5397
Cell. 760.331.3930
Fax 877.667.1547
Tammy@HussinLaw.com

WASKOWSKI JOHNSON YOHALEM LLP
DANIEL R. JOHNSON (Il. 6283164)
954 W. Washington Blvd. Suite 720
Chicago, IL 60607
Telephone:  (312) 278-3153
Fax:  (312) 690-4641
*pro hac vice* planned

KOZONIS & KLINGER, LTD.
GARY M. KLINGER (Il. 6303726)
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Phone: 312.283.3814
Fax: 773.496.8617
gklinger@kozonislaw.com
*pro hac vice* planned

Attorneys for Plaintiff
**Gail Sibley**

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL SIBLEY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VI-JON, INC.; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE CALIFORNIA FALSE ADVERTISING ACT; VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW; AND VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT AND RELATED CONSUMER PROTECTION STATUTES** |

Plaintiff Gail Sibley ("Plaintiff"), on behalf of herself and those similarly situated, based on information, belief and investigation of her counsel, except for information based on her personal knowledge, complains and alleges as follows against Defendant Vi-Jon, Inc. ("Defendant"):

**INTRODUCTION**

1.     This case addresses Defendant's unlawful, unfair and deceptive business practices connected with the advertising, marketing, and sales of Germ-X, an alcohol-based hand sanitizer.[1] Germ-X is advertised, marketed, and sold as a product that will prevent or reduce human infection from the flu and other viruses.  However, Defendant has no reliable studies to make such a representation.

2.     On January 17, 2020, the United States Food & Drug Administration (the "FDA") issued a warning letter to GOJO Industries, Inc. ("GOJO") regarding its representations that Purell, another alcohol-based hand sanitizer could be used to prevent the flu.  In that letter, the FDA stated that it is not aware of "any adequate and well-controlled studies" supporting a representation that alcohol-based hand sanitizers produce a clinical reduction in infection or disease of the flu or other viruses.

3.     Purell and Germ-X have the same active ingredient, ethyl alcohol.  Purell has the same or higher levels of ethyl alcohol than Germ-X.  Accordingly, the FDA's point in its letter to GOJO about the lack of reliable evidence that alcohol-based hand sanitizers prevent infection from the flu and other viruses applies equally to Germ-X, if not more so.

4.     For years, Defendant has been building its brand as a product that prevents humans from getting the flu and other viruses.  Its posts on social media show pictures and include captions and links to suggestions that Germ-X will produce a clinical reduction in infection or disease of the flu or other viruses.  And, Defendant's advertising works.

5.     Plaintiff purchased Germ-X because of Defendant's advertising and branding, which suggest that Germ-X will reduce infection and the disease of the flu and other viruses.

---

[1] "Germ-X" is defined herein as the alcohol-based hand sanitizer product line offered by Defendant, which includes but is not necessarily limited to the following: Germ-X® Aloe Hand Sanitizer, Germ-X® Advanced Aloe Hand Sanitizer, Germ-X® Original Hand Sanitizer and Germ-X® Original Advanced Hand Sanitizer, and "Germ Blaster".

6.    However, like the hundreds of thousands, if not millions, of other consumers who purchased Germ-X, Plaintiff received only the dangerous, false confidence that accompanies a product without reliable studies to support its claim of flu and virus infection prevention.

## PARTIES

7.    Plaintiff Gail Sibley is resident of San Francisco, California.  She purchased and used Germ-X in San Francisco, California.

8.    Vi-Jon, Inc. is a Tennessee corporation with its principal place of business in St. Louis, Missouri.  It manufactures, distributes, and sells Germ-X in California and around the country through retailers, including retailers that it directs purchasers to from its own website.

9.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a DOE is legally responsible in some manner for the events and happenings herein referred to, and legally caused the injury and damages as herein alleged.  At such time that said defendants' true names become known to Plaintiff, she will ask leave of this Court to amend this Complaint to insert said true names and capacities.

10.   Vi-Jon, Inc. and DOES 1 through 100 are collectively referred to herein as "Defendant."

## JURISDICTION AND VENUE

11.   This Court has jurisdiction over the claims asserted herein individually and on behalf of the Classes pursuant to 28 U.S.C. § 1332(d)(2). Subject matter jurisdiction is proper because: (1) the amount in controversy in this class action exceeds five million dollars, exclusive of interest and costs; and (2) a substantial number of the Class Members are citizens of a state different from that of Defendant Vi-Jon, Inc.  The amount in controversy exceeds $5,000,000 for Plaintiff and Class Members collectively, exclusive of interest and costs, because of the combined purchase price or premium paid by Plaintiff and the Class Members for Germ-X, and the profits kept by Defendant from such transactions due to the conduct alleged herein.

12. This Court has jurisdiction over Defendant because it is a corporation or other entity that has sufficient minimum contacts in California or otherwise intentionally avails itself of the California market either through the distribution, sale or marketing of Germ-X in the State of California, or through its retailers which sold Germ-X to Plaintiff in California, so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

13. Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

14. **Intradistrict Assignment** (L.R. 3-2(c) and (d) and 3.5(b)): This action arises in San Francisco County, in that a substantial part of the events which give rise to the claims asserted herein occurred in San Francisco County.

## FACTS

15. Defendant manufactures, markets, advertises, and sells Germ-X, which is a product line of alcohol-based hand sanitizers. Defendant sells Germ-X across the country through online retailers and brick and mortar stores.

16. Germ-X's brand is strong and its reach is impressive. It is used in people's homes, shopping areas, airports, schools, and carried around by Class Members in school backpacks, purses, and briefcases.

17. Defendant uses its advertising and marketing to connect consumers' fear with the concept of prevention and then finally, with Germ-X. The advertising and marketing consistently include all three elements: Flu, prevention, and Germ-X.

18. On Amazon.com, Germ-X product pages contain a "message from the manufacturer" which states:

> We're on a mission to help prevent the spread of germs. Let's face it – where there are people, there are germs. So we make Germ-X products that go wherever you do. Whether you're looking to fight germs in the classroom, office, or home, our fast-acting hand sanitizers come in forms to fit your every need during the cold and flu season.

(See Retailer Screenshots attached as Exhibit A.)

19.     Walmart's website listed Germ-X under the heading "Coronavirus / Flu Prevention." (Id.)

20.     An inexhaustive search of Defendant's Facebook posts from the account @Germx shows that Defendant has been suggesting that Germ-X prevents or reduces flu and other virus infections for years.  (See Facebook Screenshots attached as Exhibit B.)

21.     Indeed, the flu, consumer's fear of the flu, and their reliance on Defendant's misrepresentations about Germ-X's ability to keep them safe from the flu, is a large part of Defendant's success.

22.     As reported in the Boston Globe, "Germ-X, a leading hand sanitizer brand, may get a big boost in sales this fall because of concern about H1N1 when students return to school, said Kristin Ebert, a spokeswoman for Vi-Jon Inc., which manufactures Germ-X."  (See Boston Globe Article, attached as Exhibit C.)  Indeed, the St. Louis Business Journal reported that Gene Streb, national account manager for Vi-Jon, stated: "[s]hortages of the flu vaccine appear to be driving the jump in Germ-X sales … 'People are looking for alternatives to help eliminate the germs that are associated with the outbreak of flu.'"  (See St. Louis Business Journal article attached as Exhibit D.)

23.     On January 17, 2020, the FDA issued a warning letter to GOJO, pointing to similar advertising on Defendant's websites and social media, which the FDA said suggested that Purell, GOJO's alcohol-based hand sanitizer, produces a clinical reduction in infection or disease of the flu or other viruses.  The FDA stated that it is not aware of "any adequate and well-controlled studies" supporting that claim.  (See FDA Letter, attached as Exhibit E.)

24.     Purell and Germ-X are both hand sanitizers using the same active ingredient, ethyl alcohol.  In fact, Germ-X has the same or lower percentage of ethyl alcohol. Accordingly, the FDA's statement and concern about a lack of clinical evidence is equally applicable to Defendant's product, Germ-X.

25.     What's more, other scientific authorities have similarly concluded that alcohol-based sanitized like Defendant's product are not effective for the uses advertised by Defendant and alleged herein.[2]

_____

[2] See, e.g., http://www.cidrap.umn.edu/news-perspective/2019/09/hand-sanitizer-shown-less-effective-

1

2      26.    Plaintiff Sibley purchased Germ-X because she thought it would prevent or reduce

3  infection from the flu and other viruses.  She purchased Germ-X on at least six occasions over the

4  last 4 years at a number of retailers, including but not limited to, Target and CVS.  Based on the

5  Germ-X advertising campaign and branding, she believed that Germ-X would prevent or reduce

6  infection from the flu and other viruses.  She would not have purchased Germ-X or paid as much

7  for it as she paid, if she knew there was no reliable evidence to support Defendant's deceptive

8  advertising and that it was not effective for the use advertised by Defendant and alleged herein.

9      27.    Plaintiff brings this action to stop Defendant's deceptive practices and undo the harm

10 that it has caused to consumers in California and across the country.

11                                    **CLASS ALLEGATIONS**

12     28.    Plaintiff brings this action on behalf of herself and the Classes defined as follows:

13     **Multi-State Class Based on Violation of State Consumer Protection Statutes**:
       All individuals and entities in the states of California, Florida, Illinois,
14     Massachusetts, Michigan, Minnesota, Missouri, New Hampshire, New Jersey,
       New York, Rhode Island, Washington and Wisconsin who purchased Germ-X in
15     California, Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri,
       New Hampshire, New Jersey, New York, Rhode Island, Washington or
16     Wisconsin  during the applicable statute of limitations period from the beginning
       of any applicable limitations period through the date of class certification (the
17     "Consumer Protection Multi-State Class").[3]

18     **California Sub-Class**:  All persons who purchased Germ-X in California during
19     the applicable statute of limitations period ("the California Class").

20     29.    Plaintiff is unable to state the precise number of potential Class Members because

21 that information is in the possession of Defendant.  However, the number of putative Class Members

22

23  _____
    hand-washing-against-flu.

24
    [3] California Business & Professions Code section 17200, *et seq*., prohibits any "unlawful, unfair or fraudulent
25  business act or practice" and California's Consumer Legal Remedies Act, California Civil Code section 1770
    *et seq*. similarly protects consumers from unfair business practices.  The states in the Consumer Protection
26  Multi-State Class are limited to states with similar consumer protection laws namely: Florida (Fla. Stat.§
    501.201 *et seq*.); Illinois (815 ILCS 505/1, *et seq*.); Massachusetts (Mass. Gen. Laws Ch. 93A *et seq*.);
27  Michigan (Mich. Comp. Laws § 445.901, *et seq*.); Minnesota (Minn. Stat. § 325F.67, *et seq*.); Missouri (Mo.
    Rev. Stat. § 407.010, *et seq*.); New Hampshire (N.H. Rev. Stat. § 358-A:1); New Jersey (N.J. Stat. § 56:8-1,
28  *et seq*.); New York (N.Y. Gen. Bus. Law § 349, *et seq*.); Rhode Island (R.I. Gen. L. § 6-13.1, *et seq*.);
    Washington (RCW 19.86.010, *et seq*.); and Wisconsin (WIS. STAT. § 100.18, *et seq*.).

is so numerous that joinder would be impracticable.  The Classes and the identity of the Class Members will be readily ascertainable based on objective criteria.  The Classes are determinable and manageable in size and can be notified through reasonable expenditure of time and money.  Furthermore, the California Class consists largely of persons residing in California.

30.     The Class definitions are reasonably limited in time.  The definition's time period is limited to purchases made during the applicable statute of limitations.

31.     Common questions of law and fact predominate over questions affecting only individual Class Members.  Individual questions are limited to the easily determined and provable issue of how much was paid by the individual Class Members for Germ-X.  Common questions of law and fact predominate, including:

a.     Whether Defendant advertises, markets, and sells Germ-X by representing or implying that Germ-X will produce a clinical reduction in infection or disease of the flu or other viruses;

b.     Whether Defendant's advertising, marketing, and selling of Germ-X by representing or implying that Germ-X will produce a clinical reduction in infection or disease of the flu or other viruses are likely to deceive a reasonable consumer;

c.     Whether a reliable study or evidence that Germ-X will produce a clinical reduction in infection or disease of the flu or other viruses existed prior to the filing of this Complaint;

d.     Whether any fine print statements in Germ-X advertising materials is likely to be read and understood by a reasonable consumer;

e.     Whether Defendant's advertising, marketing, and selling of Germ-X violates California consumer protection laws;

f.     Whether Defendant engaged in unfair competition;

g.     Whether Defendant has been unjustly enriched by its collection and retention of payments for Germ-X when it represented, inaccurately, that Germ-X prevented or reduced viruses, including but not limited to the flu and norovirus; and

COMPLAINT

h.    Whether Defendant should be enjoined from further false, misleading or deceptive advertisements and/or unfair competition and be forced to pay restitution to Class Members for the amounts paid for Germ-X.

32.    Plaintiff is a member of the Classes she seeks to represent, and Plaintiff's claims are typical of the claims of other Class Members.  The misleading and deceptive advertising campaign stating and implying that Germ-X prevents and reduces the flu and other viruses was made to the general public.  Defendant has the same obligations to Plaintiff and to all Class Members with respect to the advertising and sales of Germ-X.  Furthermore, the nature of the damages and their causation will be the same for Plaintiff as for other Class Members.

33.    Plaintiff's claims against Defendant for false, misleading or deceptive advertising and for unfair competition are also typical of Class Members.  Plaintiff has suffered actual injury in fact by purchasing Germ-X because she thought it would prevent or reduce flu and other viruses as a result of Defendant's deceptive advertising and sales materials.

34.    The Classes are so numerous that joinder of all Class Members is impractical.  Plaintiff is unable to state the exact number of Class Members without discovery of the Defendant's records.  However, as alleged above, Plaintiff believes that based on the number of retail establishments selling Germ-X in California and across the country there are hundreds of thousands of Class Members if not more.

35.    Plaintiff will fairly and adequately represent and protect the interests of the Classes because (i) Plaintiff has retained experienced litigation counsel and counsel will adequately represent the interests of the Classes; (ii) Plaintiff and her counsel are aware of no conflicts of interest between Plaintiff and absent Class Members; and (iii) Plaintiff will assist counsel in the prosecution of this action.

36.    A class action provides a fair and efficient method of adjudicating this controversy, and is superior to other available methods of adjudication in that (i) neither the size of the Classes, nor any other factor, make it likely that difficulties will be encountered in the management of this action as a class action; (ii) the prosecution of separate actions by individual Class Members or the individual joinders of all Class Members in this action is impracticable, and would create a massive

and unnecessary burden on the resources of California Courts, and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of each member of the Classes; (iii) because of the disparity of resources available to Defendant versus those available to individual Class Members, prosecution of separate actions would work a financial hardship on many Class Members; (iv) there is no plain, speedy, or adequate remedy available to Class Members other than by maintenance of this class action because Plaintiff is informed and believes, and based thereon alleges, that the damage to each Class Member is relatively modest compared to the costs of litigating the issues in this action, making it economically unfeasible to pursue remedies other than in a class action; and (v) the conduct of this action as a class action conserves the resources of the parties and the Court system and protects the rights of each Class Member and meets all due process requirements as to fairness to all parties.  A class action is also superior to the maintenance of these claims on a claim by claim basis because all of the claims arise out the same circumstances and course of conduct.

## **FIRST CLAIM**

**Violation of the California False Advertising Act –
Business & Professions Code §§ 17500, et seq.)
(On Behalf of the California Class and Against Defendant and Does 1 through 100)**

37.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 36, and each and every part thereof with the same force and effect as though fully set forth herein.

38.    Defendant engaged in unfair and deceptive advertising, in violation of California Business and Professions Code § 17500, et seq., by misrepresenting to Plaintiff and Class Members in advertisements that Germ-X prevented or reduced infection from the flu and other viruses, when, in fact, there was no reliable evidence supporting such advertising.

39.    These acts and practices, as described above, have deceived Plaintiff and Class Members, causing them to lose money by purchasing Germ-X or paying more for it than they otherwise would, as herein alleged, and have deceived and are likely to deceive the consuming public.  Accordingly, Defendant's business acts and practices, as alleged herein, have caused injury to Plaintiff and Class Members.

40.    In the absence of Defendant's misrepresentations, Plaintiff and Class Members would not have purchased Germ-X or would not have paid a price premium for it.

41.    Plaintiff and Class Members are entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits which may have been obtained by Defendant as a result of such business acts or practices, and enjoining Defendant from engaging in the practices described herein.

**<u>SECOND CLAIM</u>**

**Violation of the California Unfair Competition Law –
Business & Professions Code §§ 17200, *et seq.*)
(On Behalf of Both Classes and Against Defendant and Does 1 through 100)**

42.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 36, and each and every part thereof with the same force and effect as though fully set forth herein.

43.    California Business and Professions Code section 17200 prohibits any "unfair deceptive, untrue or misleading advertising."  For the reasons discussed above, Defendant has engaged in unfair, deceptive, untrue and misleading advertising in violation of California Business & Professions Code sections 17200, *et seq*. by advertising that Germ-X reduces or prevents infection from the flu or other viruses in the absence of reliable studies.

44.    California Business & Professions Code section 17200 also prohibits any "unlawful, unfair or fraudulent business act or practice."

45.    Defendant has violated Sections 17200, *et seq.*'s prohibition against engaging in unlawful, unfair or fraudulent acts and practices by, among other things: making the misrepresentations and omissions of material fact about Germ-X alleged herein; violating California False Advertising Act – Business & Professions Code §§ 17500, *et seq.*, by making the misrepresentations about Germ-X; and violating section 1770 of the Consumers Legal Remedies Act.  Defendant violated Section 1770 by at least the following:

a.    Making false representations that Germ-X has characteristics, uses or benefits which it does not, in violation of California Civil Code § 1770(a)(5);

b.      Making false representations that Germ-X is of a particular quality, which it is not, in violation of California Civil Code § 1770(a)(7);

c.      Advertising Germ-X without the intent to sell it as advertised, in violation of California Civil Code § 1770(a)(9); and

d.      Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not, in violation of California Civil Code § 1770(a)(16).

46.     Plaintiff and Class Members reserve the right to allege other violations of law that constitute other unlawful business acts or practices.  Such conduct is ongoing and continues to this date.

47.     Defendant's acts, omissions, misrepresentations, practices and non-disclosures as alleged herein also constitute deceit under Cal. Civ. Code § 1710: "[t]he suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact."

48.     Defendant's acts, omissions, misrepresentations, practices and non-disclosures as alleged herein also constitute violations of Sections 17200, *et seq.*'s prohibition against fraudulent acts and practices.

49.     Defendant's acts, omissions, misrepresentations, practices and non-disclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of Business & Professions Code sections 17200, *et seq*. in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  Plaintiff asserts violations of the public policy of engaging in false and misleading advertising, unfair competition, and deceptive conduct towards consumers.  There were reasonable alternatives available to further Defendant's legitimate business interests, other than the conduct described herein.  This conduct constitutes violations of the unfair prong of California Business & Professions Code sections 17200, *et seq*.

50.     Defendant's conduct is also a breach of warranty.  Defendant's representations that Germ-X prevents or reduces the flu and other viruses constitute affirmations of fact made with regard to Germ-X, as well as descriptions of Germ-X, that are part of the basis of the bargain between Defendant and purchasers of Germ-X.  Because those representations are material and false, Defendant has breached their express warranty as to Germ-X and have violated California Commercial Code §2313.

51.     Defendant's unfair business practices and conduct described herein were the immediate cause of damages suffered by Plaintiff and Class Members.

52.     Defendant's unfair business practices and conduct described herein caused Plaintiff and Class Members to buy or pay more for Germ-X.

53.     Furthermore, Defendant's misrepresentations and omissions caused Plaintiff and Class Members actual damages because had they known the truth about Germ-X, they would not have purchased it or paid so much for it.

54.     Defendant's conduct caused and continues to cause substantial injury to Plaintiff. Plaintiff and the other Class Members have suffered injury in fact and have lost money as a result of Defendant's wrongful conduct.

55.     Pursuant to Business & Professions Code section 17203, Plaintiff and the other Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to engage in a corrective advertising campaign.

56.     Unless Defendant is enjoined from continuing to engage in these unfair, unlawful and fraudulent business practices, Plaintiff, and the public, will continue to be injured by Defendant's actions and conduct.

57.     Defendant has thus engaged in unlawful, unfair, and fraudulent business acts and practices, entitling Plaintiff and the other Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits which may have been obtained by Defendant

1  as a result of such business acts or practices, and enjoining Defendant from engaging in the practices

2  described herein.

3                                      **THIRD CLAIM**

4                      **Violation of California's Consumer Legal Remedies Act,**
                        **California Civil Code section 1770 *et seq*.,**
5                   **And the Consumer Protection Statutes of the States in the Class**
                  **(On Behalf of Both Classes Against Defendant and Does 1 through 100)**
6

7        58.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 - 36 and

8  each and every part thereof with the same force and effect as though fully set forth herein.

9        59.     Defendant violated section 1770 of the Consumers Legal Remedies Act.  Defendant

10  violated Section 1770 by:

11       a.      Making false representations that Germ-X has characteristics, uses or benefits which

12               it does not, in violation of California Civil Code § 1770(a)(5)

13       b.      Making false representations that Germ-X is of a particular quality, which it is not,

14               in violation of California Civil Code § 1770(a)(7);

15       c.      Advertising Germ-X without the intent to sell it as advertised, in violation of

16               California Civil Code § 1770(a)(9); and

17       d.      Representing that the subject of a transaction has been supplied in accordance with

18               a previous representation when it has not, in violation of California Civil Code §

19               1770(a)(16).

20       60.     By committing the acts alleged above, Defendant violated the CLRA.

21       61.     Plaintiff and the Class Members are entitled to, pursuant to California Civil Code

22  §1780(1)(2), an order enjoining the above-described wrongful acts and practices of Defendant, and

23  ordering the payment of costs and attorneys' fees and any other relief deemed appropriate and proper

24  by the Court under California Civil Code §1780.

25       62.     Plaintiff is sending Defendant a letter demanding corrective actions pursuant to the

26  CLRA.  Plaintiff will amend her complaint to add claims for monetary damages if Defendant fails

27  to take the corrective actions.

28

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually and on behalf of all other members of the general public similarly situated, prays for relief and judgment against Defendant, and each of them, jointly and severally, as follows:

**Class Certification**

1.      That this action be certified as a class action and the Classes certified;

2.      That Plaintiff be appointed as the Class Representative for the Classes; and

3.      That counsel for Plaintiff and the putative Classes be appointed as class counsel;


**On the First Claim**

1.      That Defendant be enjoined from continuing to represent that Germ-X prevents or reduces infection from the flu or other viruses;

2.      That Defendant be mandated to engage in a corrective advertising campaign to educate the public that there is no reliable evidence that Germ-X prevents or reduces infection from the flu or other viruses;

3.      That Defendant be required to provide Plaintiff and Class Members with full restitution for purchases made based on Defendant's false advertising; and

4.      All such other and further relief as the Court deems just and proper.

**On the Second Claim**

1.      That Plaintiff and Class Members be awarded their actual damages according to proof;

2.      That Defendant be enjoined from continuing to represent that Germ-X prevents or reduces infection from the flu or other viruses;

3.      That Defendant be mandated to engage in a corrective advertising campaign to educate the public that there is no reliable evidence that Germ-X prevents or reduces infection from the flu or other viruses;

4.      That Plaintiff and Class Members be awarded punitive damages as to the appropriate cause of action;

5.      That Plaintiff and Class Members be awarded their reasonable attorneys' fees, expert witness fees, and other costs as may be applicable;

6.      That Plaintiff and Class Members be awarded interest on the monies wrongfully obtained from the date of collection through the date of entry of judgment in this action; and

7.      All such other and further relief as the Court deems just and proper.

### On the Third Claim

1.      That Defendant be enjoined from continuing to represent that Germ-X prevents or reduces the flu or other viruses;

2.      That Defendant be mandated to engage in a corrective advertising campaign to educate the public that there is no reliable evidence that Germ-X prevents or reduces infection from the flu or other viruses;

3.      That Plaintiff and Class Members be awarded their reasonable attorneys' fees, expert witness fees, and other costs as may be applicable; and

4.      All such other and further relief as the Court deems just and proper.

///

///

///

**JURY DEMAND**

Plaintiff Gail Sibley hereby demands a trial by jury of all claims so triable on behalf of herself and the Classes.


DATED:  February 7, 2020                    HUSSIN LAW FIRM


                                            By:  /s/ *Tammy G. Hussin*_____
                                                  Tammy Gruder Hussin


DATED:  February 7, 2020                    WASKOWSKI JOHNSON YOHALEM LLP


                                            By:  /s/ *Daniel R. Johnson*_____
                                                  Daniel R. Johnson (pro hac vice to be sought)


DATED:  February 7, 2020                    KOZONIS & KLINGER


                                            By: /s/ *Gary M. Klinger*_____
                                                  Gary M. Klinger (pro hac vice to be sought)

                                            *Attorneys for Plaintiff and the putative Classes*